**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**v.**                                                                                    **No. 28,713**

**WILLIAM DROZE,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Kenneth H. Martinez, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Adrianne R. Turner, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**SUTIN, Chief Judge.**

Defendant appeals his conviction of driving while intoxicated (DWI) arguing that the evidence was insufficient to support the conviction. In our notice, we proposed to affirm the conviction. Defendant has timely responded. We have considered his arguments and are not persuaded. We affirm.

In our notice, we set forth the standard of review for sufficiency of the evidence and described the evidence before the trial court. We proposed to conclude that the evidence was sufficient to support the conviction. Defendant continues to argue that there was no evidence to show when and how much Defendant had drunk or when Defendant drove his vehicle.

We disagree with Defendant's view of the evidence. The police officer who arrested him testified that Defendant had told her that he had drunk several drinks in Santa Fe and that when he was driving home, he got stuck. Thus, Defendant admitted to drinking before driving. He decided to take a shortcut to get home and got his vehicle stuck. He then left his vehicle where it was, walked home, drank some more alcohol and watched television before he returned to retrieve his vehicle. We think that this evidence shows that Defendant's ability to drive was impaired due to alcohol.

We recognize that Defendant's own testimony at trial contradicted the officer's testimony about what Defendant told her at the time. However, we leave resolution of such conflicts to the trier of fact. *State v. Johnson*, 99 N.M. 682, 685, 662 P.3d 1349, 1352 (1983). We do not believe that resolution of the conflicts against Defendant necessarily requires inferences to be made to support the conviction. There is Defendant's own admission that he had drunk some alcohol before he drove home

2

from Santa Fe. There is also his own admission that his vehicle became stuck when he tried to take a shortcut. We do not infer impaired driving from the fact that his vehicle got stuck. However, after his vehicle became stuck, Defendant left it, went home, drank some more, and watched television. We believe that is some indication of his mental acuity and, thus, ability to drive. *See State v. Johnson*, 2001-NMSC-001, ¶ 17, 130 N.M. 6, 15 P.3d 1233 (pointing out that the policy of the DWI statute "is to prevent individuals from driving . . . when they . . . are unable to exercise the clear judgment and steady hand necessary to handle a vehicle" (internal quotation marks and citation omitted)). We consider all the evidence regarding Defendant's actions and conclude that the evidence was sufficient to support a conviction that Defendant was driving while impaired by alcohol.

For the reasons stated herein and in the notice of proposed disposition, we affirm.

**IT IS SO ORDERED**.


_____

**JONATHAN B. SUTIN, Chief Judge**

3

**WE CONCUR:**

_____

**JAMES J. WECHSLER, Judge**

_____

**MICHAEL E. VIGIL, Judge**